AMBROZ and another, Appellants, vs. LA CROSSE MUTUAL
LOAN & BUILDING ASSOCIATION and another, Re-
spondents.

*June 1—July 13, 1921.*

*Building and loan associations: By-laws: Withdrawals: Loss of
profits.*

Where the by-laws of a building and loan association provided
that in case of the withdrawal of a member he would be
entitled to only fifty per cent. of the profits made during mem-
bership, a member who surrendered his original loan, took out
a new one, and at such time accepted a check for the balance
due him after being credited with one half of the profits,
cannot thereafter recover from the association the entire
profits on the old loan.

APPEAL from a judgment of the circuit court for La
Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover profits claimed to be due plaintiffs while
members of defendant association. Plaintiffs July 1, 1915,
obtained a loan of $13,000 from the defendant, secured by
a mortgage on real estate, and made monthly payments
thereon. Under the usual experience of the association the
loan would be fully paid in about nine years if monthly pay-
ments and premiums bid therefor were paid. The monthly
payment on their mortgage was $65 and the premium bid
by them was $31.20. In December, 1918, plaintiffs were in
arrears and made application for a new loan of $11,000.
The by-laws, a copy of which plaintiffs had, provided that
in case of withdrawal members were entitled to only fifty
per cent. of the profits made by the association during mem-
bership. Plaintiffs claimed that *Mr. Luening,* the secretary
of the association, told them that they would be entitled to
all their profits upon the new mortgage. This *Mr. Luen-
ing* denies, and this is the vital fact in dispute.

The circuit court submitted the cause to the jury in a
special verdict containing these questions:

"(1) Did the defendant *William Luening,* at or before
the making and execution of the plaintiffs' second mortgage

in February, 1919, agree with the plaintiffs that if they surrendered their stock and took a new loan that the defendant association would credit them with all they had paid into the association, including premiums, besides their proper share of the profits under the by-laws, receiving the same proportionate return on their investments as if they should remain in said association until the maturity of their stock? *A.* Yes.

"(2) If you answer question No. 1 'Yes,' then did plaintiffs make, execute, and deliver the second mortgage and surrender their stock in reliance upon said agreement? *A.* Yes."

Thereafter the court denied plaintiffs' motion for judgment on the verdict, and entered an order granting defendants' motion for judgment notwithstanding the verdict. Judgment dismissing the plaintiffs' complaint and for costs was accordingly entered for the defendants. The plaintiffs appealed.

For the appellants there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *George W. Bunge.*

For the respondents there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

Vinje, J.    It is evident that the trial court set aside the verdict because unsupported by the evidence. The record sustains the action of the court. Both plaintiffs admitted that *Luening* told them they could get only fifty per cent. of the profits. The by-laws so provided. The settlement made at the time was as follows:

```
Loans in 61st series................................$13,000 00
Credit:
    42 payments at $65 (dues)............$2,730 00
    50 % of accumulated profits to Jan. 1st    477 10
                                           ----------    $3,207 10
Less—
    4 mo. dues, arrears ..................  $260 00
    4 mo. interest, arrears ..............   260 00
```

Ambroz v. La Crosse Mut. L. & B. Asso. 174 Wis. 583.

| | | |
|---|---:|---:|
| 4 mo. premium ..................... | 124 80 | |
| 4 mo. fines ...................... | 11 67 | |
| | $656 47 | |
| Taxes ............................. | 296 52 | 952 99 |
| | | $2,254 11 |
| Paid by order No. 3873.................. | | 254 11 |
| | | $2,000 00 |
| Old loan ..................$13,000 00 | | |
| New loan ................. 11,000 00 | | |
| Credit as per above.......... 2,000 00 | | |

This showed that they received only fifty per cent. of profits, and *Mrs. Ambroz* received a check for the balance due them of $254.11 and kept the proceeds and has never offered to return them.

They voluntarily signed papers for a new loan after *Mrs. Ambroz* had been given a check for $254.11 representing the difference between the value of their stock and the amount of the new loan. There is no claim that they signed the new mortgage by mistake or duress. They paid interest on the new mortgage two or three months, then took up the mortgage by making a new loan elsewhere, and later brought this action to recover the balance of the profits claimed to be due them. The case presents only a question of fact which the trial court correctly resolved. The case should not have been submitted to a jury at all.

*By the Court.*—Judgment affirmed.